UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRYEL LANIER WILLIAMS,

    Applicant,

v.                                  CASE NO. 8:17-cv-682-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
                                  /

**O R D E R**

    Williams applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state conviction for a misdemeanor offense, for which he was sentenced to time-served. Williams neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ."

    Williams discloses that he pleaded *nolo contendere* to resisting, opposing, or obstructing an officer without violence, a misdemeanor. A review of the online docket for the Circuit Court for Pinellas County, Florida, reveals that Williams was

sentenced to time served, which was twenty-five days.¹  Williams cannot proceed under Section 2254 because he is not confined under the state court judgment that he challenges.

A petitioner cannot challenge the validity of a state court conviction unless confined based on the challenged conviction:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  Williams admits that he completed serving the sentence he challenges in this case.  Consequently, Williams cannot proceed with his application for the writ of habeas corpus because he is no longer "in custody pursuant to the judgment of a State court" based on the conviction he challenges in this case.²  *Walker v. Florida*, 345 Fed. App'x 458 (11th Cir. 2009),³ explains that a district court lacks jurisdiction if the applicant fails the "in custody" requirement:

---

¹ The district court judicially notices the online docket of the Circuit Court for Pinellas County, Florida, which docket is accessible by searching Williams's name at "https://ccmspa.pinellascounty.org/PublicAccess/default.aspx." The specific page with Williams's information is "https://ccmspa.pinellascounty.org/PublicAccess/CaseDetail.aspx?CaseID=17231665."

² According to the website for the Pinellas County jail, Williams is detained pending trial on a charge of burglary of a conveyance, a charge of failure to appear, two charges of possession of a controlled substance, and two additional charges of resisting or obstructing an officer without violence.  This information is available under Williams's name at "http://pcsoweb.com/whos-in-jail/."

³ "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> For a district court to exercise subject-matter jurisdiction over a petition for a writ of habeas corpus, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." [Section 2254]. §§ 2241(c)(3), 2254(a); *accord Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S .Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989). Jurisdiction does not extend to a petitioner who challenges a conviction after his sentence has completely expired. *White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995). The district court lacked jurisdiction to review Walker's petition because his sentences expired in 2002.

*See also Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.   We hold that he does not."); *Lackawanna County District Attorney v. Coss*, 532 U.S. 398, 403 (2001) ("[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Williams and close this case.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Williams is not entitled to a COA.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.

28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Williams must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Williams fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Williams is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Williams must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 7, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE